UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBRIES PICHON,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>THE HERTZ CORPORATION,<br><br>　　　　Defendant. | Case No. 17-cv-02391-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Docket No. 59 |

Plaintiff Ambries Pichon has sued his former employer Defendant Hertz Corporation for, *inter alia*, wrongful termination in violation of public policy, age discrimination and harassment, and intentional infliction of emotional distress ("IIED"). Currently pending before the Court is Hertz's motion for partial judgment on the pleadings. More specifically, Hertz asks that the Court dismiss with prejudice two of the claims asserted against it: (1) age harassment in violation of the California Fair Employment and Housing Act ("FEHA") and (2) IIED. Hertz underscores that the Court previously dismissed the same claims against a former co-defendant, Steven Chua (a supervisory employee at Hertz).

Having considered the parties' briefs, the Court finds that the matter is suitable for disposition without oral argument and **VACATES** the hearing on the motion. Hertz's motion for partial judgment on the pleadings is hereby **GRANTED**.

## I.     FACTUAL & PROCEDURAL BACKGROUND

Mr. Pichon initiated this action in state court against two defendants, namely, Hertz and Mr. Chua (Mr. Pichon's supervisor at Hertz). Hertz removed the case to federal court, arguing that there is diversity jurisdiction because Mr. Chua had been fraudulently joined to the case. In

1 response, Mr. Pichon moved to remand, contesting fraudulent joinder, and Mr. Chua moved to dismiss the claims asserted against him, making essentially the same arguments that supported his fraudulent joinder analysis.

In an order filed on July 28, 2017, the Court denied Mr. Pichon's motion to remand. The Court held that Mr. Chua had been fraudulently joined to the case because it was obvious that the two claims that had been asserted against him – age harassment in violation of FEHA and intentional infliction of emotional distress ("IIED") – were not viable. For the same reasons, the Court granted Mr. Chua's motion to dismiss the age harassment and IIED claims. *See generally* Docket No. 27 (order). This left Hertz as the only remaining defendant in the case. The claims against Hertz are as follows: (1) wrongful termination in violation of public policy; (2) violation of California Labor Code § 6310; (3) age discrimination in violation of FEHA; (4) age harassment in violation of FEHA; and (5) IIED.

Hertz now moves to dismiss claims (4) and (5), *i.e.*, the same claims that had been asserted against Mr. Chua. Hertz argues that claims (4) and (5) as pled against it are predicated on Mr. Chua's conduct and, given that the Court dismissed those same claims against Mr. Chua, the Court should do the same for Hertz. Mr. Pichon does not dispute that claims (4) and (5) as pled against Hertz are predicated on Mr. Chua's conduct. Nor does Mr. Pichon dispute that the Court dismissed the same claims against Mr. Chua. Nevertheless, Mr. Pichon argues that the claims against Hertz should not be dismissed. Mr. Pichon fails to address the Court's prior order dismissing the same claims against Mr. Chua.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is functionally equivalent to a Rule 12(b)(6) motion – *i.e.*, for both kinds of motions, a "[c]ourt inquires whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

In the instant case, Mr. Pichon has failed to state a plausible claim for either age harassment or IIED. As an initial matter, the Court notes that, because the claims against Hertz are predicated on the claims against Mr. Chua, dismissal of the claims against Mr. Chua undercuts the bases of the claims against Hertz. Moreover, the reasoning of the Court's order, dismissing the same claims against Mr. Chua, is equally applicable here. Nothing in Mr. Pichon's current opposition alters the Court's analysis. The majority of Mr. Pichon's arguments were previously raised and rejected by the Court.

To the extent Mr. Pichon makes new arguments, they lack merit. For example, on the age harassment claim, Mr. Pichon argues that,

> in the event the [C]ourt believes [his] allegations of age [harassment] are not sufficiently "severe" or "pervasive," it may *aggregate* the different types of harassment. Here, Mr. Pichon has alleged Hertz violated fundamental public policy violations, specifically, retaliated against him for reporting complaints about unsafe conditions pursuant to [California] Labor Code section 6310. Mr. Chua placed [Mr. Pichon] on administrative leave to violating a phantom company policy precluding mechanics from working on their personal cars during off hours, a policy that [Mr.] Chua's wife would have also violated when she supervised [Mr. Pichon] and asked him for assistance with her vehicle. Hertz'[s] discrimination based upon [Mr. Pichon's] age coupled with its deception resulted in [Mr. Pichon] being denied rights granted to other employees.

Opp'n at 6 (emphasis added). But the authority that Mr. Pichon cites allows for aggregation of harassment only where each kind of harassment is based on a protected category – *e.g.*, religion, race, and gender. Mr. Pichon does not cite to any authority that would allow him to aggregate harassment based on a protected category with other unfair employment practices that do not implicate a protected category.

As another example, on his IIED claim, Mr. Pichon argues that Hertz engaged in extreme and outrageous conduct because it "accused him of lying about having managerial consent to allow mechanics to work on their own cars. These false accusations humiliated [Mr. Pichon] and damaged his reputation in front of his fellow employees and in the rental car industry." Opp'n at 7-8. Putting aside the fact that the operative complaint does not make any express allegation that Hertz accused Mr. Pichon of lying, the Court still concludes that, as a matter of law, such an

3

accusation does not constitute extreme and outrageous conduct for purposes of an IIED claim. "'Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community.' Mere insulting language, without more, ordinarily does not constitute outrageous conduct." *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1123 (1989). Moreover, "[t]here is nothing, as a matter of law, extreme and outrageous about the act of terminating an employee on the basis of unproven or false or even malicious accusations." *McNaboe v. Safeway Inc.*, No. 13-cv-04174-SI, 2016 U.S. Dist. LEXIS 2493, at *16 (N.D. Cal. Jan. 7, 2016).

The facts of this case are materially distinguishable from those in other cases where courts found that false accusations constituted outrageous conduct. *See, e.g.*, *Heineke v. Santa Clara Univ.*, No. 17-CV-05285-LHK, 2017 U.S. Dist. LEXIS 201163, at *29-30 (N.D. Cal. Dec. 5, 2017) (indicating that knowingly making false accusations of sexual harassment or child abuse or knowingly making false reports to the police can satisfy the requirement of extreme and outrageous conduct); *Fletcher v. Western Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376, 401 (1970) (holding that "defendants' threatened and actual bad faith refusals to make payments under the [insurance] policy, maliciously employed by defendants in concert with false and threatening communications directed to plaintiff [*i.e.*, accusing him of insurance fraud] for the purpose of causing him to surrender his policy or disadvantageously settle a nonexistent dispute is essentially tortious in nature and is conduct that may legally be the basis for an action for damages for intentional infliction of emotional distress").

Finally, any IIED claim predicated on an accusation of lying would still be subject to the exclusivity of workers' compensation. The main cases cited by Mr. Pichon in his opposition predate *Miklosy v. Regents of University of California*, 44 Cal. 4th 876 (2008). Indeed, courts have expressly noted that *Cabesuela v. Browning-Ferris Industries of California, Inc.*, 68 Cal. App. 4th 101 (1998), is no longer good law in light of *Miklosy*. *See, e.g.*, *Yau v. Allen*, 229 Cal. App. 4th 144, 161 (2014) (noting that *Cabesuela* and other cases "were decided before . . . *Miklosy* . . . which held the exception to workers' compensation preemption for employer conduct that contravenes fundamental public policy is aimed at permitting a *Tameny* action [for wrongful discharge in violation of public policy] to proceed despite the workers' compensation exclusive

4

remedy rule," but the exception does not "allow a distinct cause of action [such as IIED], not dependent upon the violation of an express statute or violation of fundamental public policy") (internal quotation marks omitted).

### III. CONCLUSION

Accordingly, the Court grants Hertz's motion for partial judgment on the pleadings. The claims for age harassment and IIED are dismissed with prejudice.

This order disposes of Docket No. 59.

**IT IS SO ORDERED**.

Dated: May 17, 2018

_____
EDWARD M. CHEN
United States District Judge